# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

**WILLIE LEE DAILEY,**
**ADC #110112**                                                                               **PLAINTIFF**

v.                         CASE NO. 2:10cv00085 BSM/HDY

**VALERIE WESTBROOK, et al.**                                                **DEFENDANTS**

## ORDER

Plaintiff Willie Lee Dailey ("Dailey") moves for reconsideration of the October 6, 2010 order adopting Magistrate Judge H. David Young's report and recommendations dismissing his complaint. [Doc. No. 11]. The motion is denied.

Motions for reconsideration may be granted pursuant to Federal Rule of Civil Procedure 59(e) and 60(b). Although Dailey does not state the rule upon which he relies, his motion will be liberally construed and examined under both 59(e) and 60(b) because he is proceeding *pro se*. Rule 59(e) provides, "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of judgment." Fed. R. Civ. P. 59(e). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Innovative Home Health Care,* 141 F.3d at 1286. "We

have repeatedly stated that '[a]rguments and evidence which could, and should, have been raised or presented at an earlier time in the proceedings cannot be presented in a Rule 59(e) motion.'" *Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003) (quoting *Moysis v. DTG Datanet*, 278 F.3d 819, 829 n. 3 (8th Cir. 2002)).

> Rule 60(b) states
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy and is justified only under "exceptional circumstances." *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 903 (8th Cir. 2005) (quoting *Watkins v. Lundell,* 169 F.3d 540, 544 (8th Cir.1999)).

In his motion, as in his objections previously considered, Dailey maintains that he filed the required motion for leave to proceed *in forma pauperis*. He references two such motions filed in *Shaheed X v. Norris*, Case No. 5:10cv00034 SWW, and the motion for leave to proceed *in forma pauperis* filed in the instant case. Dailey is correct that a motion for leave to proceed *in forma pauperis* was filed in the instant case. That motion, however, was incomplete and used state court forms. Magistrate Judge H. David Young directed Dailey

to file a completed *in forma pauperis* application. Dailey did not file a completed *in forma pauperis* application, and his claim was subsequently dismissed without prejudice. Accordingly, Dailey fails to present anything to support relief under Rule 59(e) or 60(b). Dailey's request for reconsideration is denied.

    IT IS SO ORDERED this 30th day of November, 2010.

                                              _____
                                              UNITED STATES DISTRICT JUDGE